■ In the Matter of Robert M. Morgenthau, as District Attorney of the County of New York, Petitioner, v Burton B. Roberts, Individually and as a Justice of the Supreme Court of the State of New York, et al.,

Respondents.—In this article 78 proceeding, the District Attorney of New York County seeks a declaration that a sentence of imprisonment imposed on respondent Mazzi, on September 16, 1974 was null and void and that a resentence in accordance with the provisions of section 70.06 of the Penal Law, be directed. Petitioner did not file a timely appeal from the alleged illegal sentence as permitted by CPL 450.20 (subd. 4) and CPL 450.30 (subd. 2) and consequently effectively waived the right to appeal the sentence. However, after the time to appeal had elapsed, a motion was made by the People on November 14, 1974 pursuant to CPL 440.40 to set aside the sentence upon the ground that it was invalid as a matter of law. That motion was denied on December 3, 1974. Pursuant to CPL 450.20 (subd. 7), the People appealed from the denial of that motion, and that appeal is now pending in this court. We need not decide at this juncture whether the failure to take a timely appeal from the judgment of sentence foreclosed the People from thereupon moving to set aside the sentence as illegal pursuant to CPL 450.20 (subd. 4) and CPL 450.30 (subd. 2). (See, however, Practice Commentary, McKinney's Cons. Laws of N.Y., Book 11A, CPL 450.20 [subd. 4] which states that the People have a choice of challenging such a sentence either by way of a motion to vacate the sentence or by direct appeal from the sentence itself.) Sufficient to require a dismissal of the petition herein is the fact that the People had a remedy by appeal and therefore may not employ an article 78 proceeding to obtain a resentence. The application is therefore denied and the petition dismissed, without costs and without disbursements. Concur—Stevens, J. P., Murphy, Tilzer, Capozzoli and Lynch, JJ.