Per Curiam.

Appellant, a "millhand” in a large-scale heroin packaging and distribution operation, was convicted after a jury trial of criminal possession of a dangerous drug in the first degree, a class A felony at the time of the offense on January 23, 1970. Under the mandatory provisions of section 70.00 of the Penal Law, she was sentenced to an indeterminate term of from 15 years to life imprisonment. Twelve other persons, arrested in connection with the same operation and initially charged with the same crime, were permitted under then existing law to plead to the lesser charges of attempted criminal possession of a dangerous drug in the first degree, criminal possession of a dangerous drug in the third degree and attempted criminal possession of a dangerous drug in the fourth degree. They received sentences of 8 1/3 to 25 years, 5 years and 3 years, respectively, depending on the crime to which they pleaded guilty.
Appellant urges that the disparity in sentencing between that meted out to her and that given to her codefendants, under the facts of this case, amounts to cruel and unusual punishment. Although the Court of Appeals is not permitted to review the appropriateness of a sentence, a question of law reviewable by it is presented where the issue is one of the power of the court below to impose the particular sentence *697 (see NY Const, art VI, § 3; Cohen and Karger, Powers of the New York Court of Appeals, § 198, pp 745-746; see, also, CPL 470.30, subd 1). Appellant was sentenced within the provisions of section 70:00 of the Penal Law in force at the time in question and the constitutionality of that statute cannot be seriously questioned (see People v Broadie, 37 NY2d 100).
It cannot be said, under the equal protection clause of either the State Constitution (NY Const, art I, § 11) or the United States Constitution (US Const, 14th Arndt), that on the facts of this case that the statutes have been unconstitutionally applied (see People v Broadie, 37 NY2d 100, 119, supra). Equal protection requires "that equal protection and security should be given to all under like circumstances * * * and that in the administration of criminal justice no different or higher punishment should be imposed upon one than such as is prescribed to all for like offenses” (Barbier v Connolly, 113 US 27, 31). Here, the circumstances were not the same since defendant was convicted of a crime different than that of her codefendants, for which crime there was a mandatory minimum sentence not applicable to the codefendants.
Regardless of its severity, a sentence of imprisonment which is within the limits of a valid statute ordinarily is not a cruel and unusual punishment in the constitutional sense (United States v Martell, 335 F2d 764, 766; United States v Coduto, 284 F2d 464, 469, cert den 365 US 881; Black v United States, 269 F2d 38, 43, cert den 361 US 938; Hagan v United States, 256 F2d 34, cert den 358 US 850; Tincher v United States, 11 F2d 18, 21, cert den 271 US 664). There were present here no exceptional circumstances which would justify a variance from this general rule. Under the recent holding in People v Broadie (37 NY2d 100, 110, 117, supra), it cannot be said that the sentence in this case was so grossly disproportionate to the offense as to amount to an unconstitutionally cruel and unusual punishment. Furthermore, the facts (convictions for different crimes and the mandatory statute) justified, if not compelled, an inequality of sentences between that of appellant and her codefendants (cf. Hedrick v United States, 357 F2d 121, 124; State v Coutcher, 198 Kan 282; Perkins v State of North Carolina, 234 F Supp 333, 337; see Cruel Punishment-Length of Sentence, Ann., 33 ALR3d 335, 359-365, 376-377).
In United States v Wiley (278 F2d 500) sentence was set aside, not due to the severity of punishment, but because it *698 was disclosed by the District Court that in sentencing Wiley a harsher sentence was imposed because he pleaded not guilty and stood trial while codefendants, more deeply involved, pleaded guilty and were dealt with more leniently. Here, it cannot be inferred that appellant was punished or further penalized by the sentencing Justice because she pleaded not guilty and insisted upon her right to a trial. She received the minimum punishment prescribed by law for the crime of which she was found guilty which crime was different from the ones to which the others chose to plead.
Appellant’s brief concedes that, like the other "millhands”, she was offered a three-year sentence in exchange for a guilty plea. Thus, there was no discrimination practiced against appellant in this regard and the prosecution attempted to avoid the imposition of a harsh sentence upon her. In People v Selikoff (35 NY2d 227), it was stated at page 233: "Perhaps most important, plea negotiation serves the ends of justice. It enables the court to impose 'individualized’ sentences, an accepted ideal in criminology, by avoiding mandatory, harsh sentences adapted to a class of crime or a group of offenders but inappropriate, and even Draconian, if applied to the individual before the court”.
The order of the Appellate Division should be affirmed.