**J. Jerome OLITT, Plaintiff,**

v.

**Francis T. MURPHY, Jr., Individually, as Presiding Justice of the Appellate Division of the Supreme Court of the State of New York, First Judicial Department, and as Administrator concerning the conduct of members of the New York Bar, et al., Defendants.**

**No. 78 Civ. 1473.**

United States District Court, S. D. New York.

April 5, 1978.

J. Jerome Olitt, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for defendants Murphy, Markewich, Lane, Silverman, Birns, Sullivan, Kupferman, Evans, Fein, Sandler, Lupiano and Lucchi; Charles A. Bradley, Asst. Atty. Gen., New York City, of counsel.

Saul Friedberg, New York City, for remaining defendants.

## OPINION AND ORDER

EDWARD WEINFELD, District Judge.

Plaintiff, an attorney, was the subject of disciplinary proceedings brought by the Association of the Bar of the City of New York, which resulted in an order of the New York State Supreme Court, Appellate Division, First Department, suspending him from practice for three years, originally effective April 7, 1978, now extended until Monday, April 10. He commenced this action for declaratory and injunctive relief on March 31, and seeks a preliminary injunction staying the operation of the order pending resolution of certain federal constitutional questions he claims to have reserved for this Court's decision pursuant to *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). These claims include, but are not limited to, the use in the disciplinary proceeding of plaintiff's grand jury testimony which had been given under a grant of transactional immunity, and denial of due process based upon a delay in the institution of the disciplinary proceeding and exclusion of evidence. The state defendants have cross-moved to dismiss the complaint.

This is plaintiff's third federal court action. As the state court proceedings were then pending, the first two suits were dismissed pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), which had been applied in this circuit to bar disciplinary proceedings in *Erdmann v. Stevens*, 458 F.2d 1205 (2d Cir.), *cert. denied*, 409 U.S. 889, 93 S.Ct. 126, 34 L.Ed.2d 147 (1972). *Anonymous v. Association of the Bar of the City of New York*, No. 74 Civ. 2898 (S.D.N.Y. July 31, 1974), *aff'd*, 515 F.2d 427 (2d Cir. 1975); *Olitt v. Murphy*, No. 78 Civ. 744 (S.D.N.Y. March 8, 1978). Under the *Younger* doctrine, a would-be federal plaintiff is required to exhaust all. state appellate remedies before seeking federal court relief and the state proceeding is deemed pending until such time. *Huffman. v. Pursue, Ltd.*, 420 U.S. 592, 607–11, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *see generally*, Note, *Younger* Grows Older: Equitable Abstention in Civil Proceedings, 50 N.Y.U.L. Rev. 870 (1975).

At oral argument on this motion, plaintiff conceded that he has a right to appeal the Appellate Division's order under N.Y. Judiciary Law § 90(8) (McKinney 1968) and that he still has time to file an appeal. He argued, however, that he was not required to exhaust this appellate route prior to commencing this action for he had elected to pursue what he perceives to be his rights under *England, supra*, which he strenuously urges is applicable herein.

As noted by Judge Ward when he dismissed plaintiff's second federal action, "plaintiff's reliance on *England* is misplaced because the procedures formulated in that case relate specifically to the *Pullman (Railroad Commission v. Pullman Co.*, 312 U.S. 496 [61 S.Ct. 643, 85 L.Ed. 971] (1941)) doctrine of abstention, *see* C. Wright, Federal Courts § 52, at 218–21 (3d ed. 1976) not to the *Younger* doctrine upon which abstention in plaintiff's federal actions has been premised." *See generally* Note, *supra* 50 N.Y.U.L. Rev. at 895–99. Indeed, despite

**324**

plaintiff's argument to the contrary, the decision in *England* itself makes clear that its intended application is only to *Pullman* abstention situations. *See* 375 U.S. at 415–16 & n.7, 84 S.Ct. 461. Thus in affirming the dismissal of plaintiff's first case, the Second Circuit made no mention of *England*; rather, the Court stated:

Whatever federal constitutional questions are involved here can certainly be raised in the state courts and ultimately addressed to the Supreme Court, and appellant proffers no contrary contention.

*Anonymous, supra*, 515 F.2d at 432. *See Trainor v. Hernandez*, 431 U.S. 434, 441, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *Younger v. Harris*, 401 U.S. 37, 45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Finally, even the case cited by appellant during oral argument implicitly rejects his position; in *Kimball v. Florida Bar*, 537 F.2d 1305 (5th Cir. 1976), the federal plaintiff had long exhausted his state appellate remedies before commencing his federal action.

Plaintiff's prior federal actions were dismissed because of the pending state proceedings. As those proceedings are still deemed pending for *Younger/Huffman* purposes until state appellate remedies are exhausted, this action must be dismissed. The state defendants' motion is therefore granted; plaintiff's motion is denied as moot.

It is so ordered.