**Leonard ALVAREZ, Petitioner,**

v.

**Harold J. SMITH, Superintendent, Attica Correctional Facility and Louis J. Lefkowitz, Attorney General of the State of New York, Respondents.**

**No. 77 CIV 6180.**

United States District Court,
Ninth District, New York.

July 6, 1978.

Leonard Alvarez, pro se.

Louis J. Lefkowitz, Atty. Gen. by Deputy Atty. Gen. B. R. Fertel, New York City, for respondents.

SAND, District Judge.

This habeas corpus proceeding challenges the constitutionality of certain sections of the New York Penal Law which govern the sentencing of Class A felony drug offenders.

Petitioner was convicted in March, 1976 of violations of Penal Law sections 220.21 (McKinney's Supp. 1978) (criminal possession of a controlled substance in the first degree) and 220.43 (McKinney's Supp. 1978) (criminal sale of a controlled substance in the first degree), both of which are Class A–I felonies.[1]  He was sentenced pursuant

---

1. The 1973 revision of the Penal Law sections governing drug-related offenses subdivided the Class A felonies into three subclasses, A–I, A–II and A–III, of which class A–I is the most serious.

to Penal Law Section 70.00, subd. 2, para. (a), subd. 3, para. (a)(i),[2] to concurrent indeterminate terms of from fifteen years to life on the possession count and from twenty-five years to life on the sale count.

Petitioner has filed but not perfected an appeal to the Appellate Division, First Department. Although over two years have elapsed since petitioner's conviction, there do not appear to be any state-imposed or other obstacles to his going forward with that appeal.

Instead, however, petitioner seeks relief in this Court urging that the sentences imposed upon him are so disproportionately severe as to constitute cruel and unusual punishment in violation of the Eighth Amendment. He also argues that the normal requirement that he first exhaust his state remedies before seeking collateral federal relief, as embodied in 28 U.S.C. § 2254(b), (c), should not be applied in this case, as it would be futile for him to do so in light of a decision by the New York Court of Appeals, *People v. Broadie*, 37 N.Y.2d 100, 371 N.Y.S.2d 471, 332 N.E.2d 338 (1975).

■ Petitioner's arguments as to both the merits of his constitutional claim and the applicability of the "futility" exception to the exhaustion requirement[3] rely heavily on the decision of the District Court in *Carmona v. Ward*, 436 F.Supp. 1153 (S.D.N.Y.1977), decided approximately four months prior to the filing of his petition. With respect to the exhaustion issue, however, *Carmona* is not dispositive of his case; moreover, even if it did control here, the

---

**2.** Penal Law section 70.00 provides in pertinent part as follows:

"1. Indeterminate sentence. . . . a sentence of imprisonment for a felony shall be an indeterminate sentence. When such a sentence is imposed, the court shall impose a maximum term in accordance with the provisions of subdivision two of this section and the minimum period of imprisonment shall be provided in subdivision three of this section.

2. Maximum term of sentence. The maximum term of an indeterminate sentence shall be at least three years and the term shall be fixed as follows:

(a) for a Class A felony, the term shall be life imprisonment; . . . ."

"3. Minimum period of imprisonment. The minimum period of imprisonment under an indeterminate sentence shall be at least one year and shall be fixed as follows:

(a) for a Class A felony, such minimum period shall be fixed by the court and specified in the sentence.

(i) for a Class A–I felony, such minimum period shall not be less than fifteen years nor more than twenty-five years.

(ii) for a Class A–II felony, such minimum period shall not be less than six years nor more than eight years, four months.

(iii) for a Class A–III felony, such minimum period shall not be less than one year nor more than eight years, four months."

**3.** 28 U.S.C. Section 2254(b) provides exceptions to the general exhaustion rule where "there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner". State remedies have been held to be ineffective "where recent state holdings on a question of substantive law demonstrated that relitigation of the same issue would have proven futile". *United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1130 (2d Cir. 1974). Before this "futility" doctrine can properly be invoked, however, the court "must be sure that the state court has had the opportunity recently to consider the identical claim . . ." and ". . . its decision of the issue must be so clear that any further consideration given similar cases by the state court is likely to be summary . . . .". Id.

---

Section 220.21 provides:

A person is guilty of criminal possession of a controlled substance in the first degree when he knowingly and unlawfully possesses:

1. one or more preparations, compounds, mixtures or substances of an aggregate weight of two ounces or more containing a narcotic drug;

2. five thousand, seven hundred and sixty milligrams or more of methadone.

Criminal possession of a controlled substance in the first degree is a Class A–I felony.

Section 220.43 provides:

A person is guilty of criminal sale of a controlled substance in the first degree when he knowingly and unlawfully sells:

1. one or more preparations, compounds, mixtures or substances of an aggregate weight of one or more ounces containing a narcotic drug; or

2. two thousand, eight hundred and eight milligrams or more of methadone.

Criminal sale of a controlled substance in the first degree is a Class A–I felony.

result in *Carmona*—which held certain sections of the New York statute to be unconstitutional—has since been reversed by the Court of Appeals for the Second Circuit. *Carmona v. Ward*, 576 F.2d 405 (1978) (petition for rehearing and suggestion for rehearing *en banc* denied, June 27, 1978). In light of these developments, petitioner's reliance on *Carmona* is not well taken.

The New York "drug law", passed in 1973, was upheld in sweeping terms by the state Court of Appeals in *People v. Broadie, supra*. The petitioners in *Carmona* challenged that result. One of the three petitioners was herself a defendant in *Broadie* and clearly had exhausted her state remedies. The other two had been convicted under the same statutory provisions as were upheld in *Broadie* and consequently met the futility requirement.[4]

Petitioner, however, was convicted of more serious drug offenses, classified as A–I felonies, which were not before the courts in *Broadie* and *Carmona*. Defend-

ants in *Broadie*, and petitioners in *Carmona*, were convicted of Class A–II and A–III felonies, which carried the same maximum sentence of life imprisonment as does an A–I conviction, but minimum terms of between either one year or six years and eight and one-third years. *See* note 2 *supra*.[5] The finding of exhaustion in *Carmona*, therefore, is not dispositive of the issue in this case. In a decision subsequent to *Broadie*, however, the New York Court of Appeals did uphold the constitutionality of the sentencing provision applicable to Class A–I drug felonies—the provision which petitioner challenges in this Court—against the claim that it was so severe as to be unconstitutional. *People v. Jones*, 39 N.Y.2d 694, 385 N.Y.S.2d 525, 350 N.E.2d 914 (1976). Thus, were the sole issue the facial constitutionality of that sentencing provision, the New York Court of Appeals decision in *Jones* would lend strong support to petitioner's contention that the pursuance of state remedies would be futile.

---

**4.** The state apparently conceded the futility of further challenges in the state courts to the statute's facial constitutionality. *Carmona v. Ward, supra*, at 1160. As to challenges to the statute as applied, however, respondent argued that the state courts should have an initial opportunity to rule upon petitioners' claim in light of the additional evidence they sought to present. The district court noted petitioners' willingness to waive a factual hearing, however, and ruled that the limited evidence sought to be presented did not "so alter [their legal claims] as to require that the New York courts now be permitted to consider them afresh". *Carmona v. Ward, supra*, at 1161. The exhaustion issue was neither argued on appeal nor discussed by the Court of Appeals for the Second Circuit.

In *Carmona*, which was mounted as a major test case, the only additional facts sought to be presented to the district court were legislative in nature and did not relate to the particular circumstances of the petitioners or their crimes; much of this material was not disputed by the state. Thus, the court concluded, the case before it was "not essentially a factual case, but a legal one". 436 F.Supp. at 1161.

**5.** There is disagreement among the courts as to the proper measure of indeterminate sentences imposed for Class A drug felonies in determining whether there has been a violation of the Eighth Amendment. The unanimous state Court of Appeals in *Broadie* and the district court in *Carmona* used the mandatory maxi-

mum term, imprisonment for life. *See* note 2 *supra*. These courts reason that "[a]lthough it is entirely possible, and indeed probable, that [petitioners] will be released from prison substantially before the expiration of their maximum term, they have no *right* to release at an earlier time" (citations omitted). *Carmona v. Ward, supra*, at 1165 (emphasis in original). See also *Carmona v. Ward*, 576 F.2d 405, at 419 (2d Cir.) (Oakes, J., dissenting); *People v. Jones, supra*, 39 N.Y.2d at 699, 385 N.Y.S.2d at 528, 350 N.E.2d at 916 (Breitel, C. J., dissenting). (Petitioners in *Carmona* did not argue, in either the district court or the Court of Appeals, that their *minimum* sentences constituted cruel or unusual punishment. *Carmona v. Ward, supra*, at 1171; Brief for pet. at 10, *Carmona v. Ward*, 576 F.2d 405 (2d Cir. 1978).)

The majority opinion in *Carmona*, however, considered this approach unrealistic and concluded that "in determining the severity of the sentences imposed here we cannot consider them equivalent to life sentences without parole. Rather we must view the punishment as set forth by the statute which provides that the defendants here are eligible for parole . . . at the conclusion of their mandatory minimum sentences". At 414.

Adhering to the decision of the Court of Appeals in *Carmona*, we take as the proper measure the mandatory *minimum* sentences imposed—twenty-five years in the case of petitioner.

■ There remains, however, the question of the sentencing provision's constitutionality as applied. The sentence imposed in *Jones* was an indeterminate term of from fifteen years to life. Petitioner herein was sentenced to the considerably more severe term of from twenty-five years to life. As the majority in *Jones* noted, of course, "[r]egardless of its severity, a sentence of imprisonment which is within the limits of a valid statute ordinarily is not a cruel and unusual punishment in the constitutional sense . . ." *People v. Jones, supra,* at 697, 385 N.Y.S.2d at 526, 350 N.E.2d at 915 (citations omitted). Nonetheless, both *Broadie* and *Jones* recognized that there might in a particular case be "exceptional circumstances which would justify a variance from [the] general rule", Id.; *People v. Broadie, supra,* 37 N.Y.2d at 119, 371 N.Y. S.2d at 482, 332 N.E.2d at 347. Indeed, Chief Judge Breitel, joined by two other members of the state Court of Appeals, would have invoked this exception and reversed the conviction in *Jones* as an unconstitutional application of the statute.

■ Thus, although petitioner, tracking the language of the district court in *Carmona,* has indicated that he too is willing to waive a factual hearing and have the matter treated solely as a question of the statute's facial constitutionality, it seems clear from *Broadie* and *Jones* that such a waiver would not be appropriate here, where petitioner has not presented to the state courts the question of the sentencing provision's constitutionality as applied in his case.[6]

Petitioner's efforts to identify his case with *Carmona* are, of course, entirely understandable in light of the fact that his petition was filed prior to the reversal of the decision below in that case. In the present state of the law, however, if petitioner were successful in satisfying this Court that the issues in his case are indeed identical with those in *Broadie, Jones* and *Carmona,* he would have established futility for exhaustion purposes only at the cost of establishing futility on the merits, i. e., with the consequence of establishing that the decision of the Court of Appeals of the Second Circuit in *Carmona* fully controls this case.

Doctrines of exhaustion and comity[7] dictate that petitioner pursue in the appellate courts of the state the appeal which he has already initiated, thus enabling the state courts to consider in the first instance whether the substantially more severe sentence which he received and any other facts and circumstances which may be peculiar to his case distinguish it from *Broadie* and *Jones* and entitle him to the relief he requests.

Petition denied.

SO ORDERED.

---

6. The reversal of *Carmona* by the Court of Appeals for the Second Circuit has a substantial effect on the exhaustion issue in this case: the relative importance of factual issues to the validity of the statute as applied to petitioner now looms as a larger issue than when the petition was filed.

7. These considerations are especially compelling where, as here and unlike *Carmona,* the state court appellate proceedings are still pending. Cf. *Olitt v. Murphy,* 449 F.Supp. 322 (S.D. N.Y.1978) (exhaustion for purposes of *Younger v. Harris* doctrine).