THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRIST ASKEW, Respondent.—Order, Supreme Court, Bronx County, entered May 11, 1978, denying a motion by the People made pursuant to CPL 440.40, affirmed. Prior to the sentencing of this defendant, counsel requested that the sentence mandated by statute not be applied. The issue was fully briefed to the court by both defense counsel and the District Attorney. The court ruled in favor of the defendant. The People did not file a notice of appeal. Well after the time to file a notice of appeal had passed, the District Attorney made a motion, pursuant to CPL 440.40, to set aside the sentence on the ground that it was invalid as a matter of law. The court denied the motion and we would affirm that determination. CPL 440.40 (subd 3) provides that the court may summarily deny a motion to set aside a sentence when the matter was previously determined on the merits. Such was the case at bar since counsel had full opportunity to present arguments germane to the issue. CPL 440.40 further provides that the court may nonetheless grant the motion to set aside, if otherwise meritorious, in the interests of justice and for good cause shown. In the case at bar, the People met neither criterion. The People do not deny that they had a full opportunity initially to argue the merits, nor do they present an excuse for failing to file a notice of appeal timely from the original determination which they found adverse to their position. Furthermore, the record before us in this particular case does not indicate that the interests of justice warranted the court's exercising its discretion on the instant motion and setting aside the sentence. Our affirmance of the trial court does not signal foreclosure of the People's right to use CPL 440.40 as a vehicle to set aside a sentence imposed as invalid (cf. *Matter of Morgenthau v Roberts,* 47 AD2d 826, 827). We hold only that, under the circumstances here presented, the trial court's refusal to grant the motion to vacate the sentence was not an improvident exercise of discretion. Concur—Evans, J. P., Lane, Lynch and Sandler, JJ.

Fein, J., concurs in a separate memorandum. I concur in result. The People appeal from an order, Supreme Court, Bronx County, entered May 11, 1978, which denied the People's motion made pursuant to CPL 440.40 to set aside as invalid the one-year sentence imposed following defendant's conviction of criminal sale of a controlled substance, third degree (Penal Law, § 220.39), a class A-III felony. Defendant had been indicted with one William Bush, accused of having sold $20 worth of cocaine to an undercover officer. Bush was acquitted following a trial before Justice Lowe, without a jury. Defendant, arrested some eight months after the indictment had been

filed, originally agreed to plead guilty to a lesser offense in an attempt to avoid a life sentence required under the mandatory drug sentencing laws. The plea negotiations, however, aborted when defendant protested his innocence and the court correctly declined to accept the plea. Defendant proceeded to trial and was convicted by the jury on one count of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39), a class A-III felony. Prior to sentencing, defendant's counsel by written motion requested that the mandatory life sentence required by sections 70.00 and 220.39 of the Penal Law upon conviction of a class A-III felony be held unconstitutional as constituting cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments and the New York Constitution. The People filed answering papers and oral argument ensued. Upon sentencing, Justice Lowe rendered a carefully considered extensive opinion highly critical of the mandatory life imprisonment provisions of the New York Narcotics Laws. Although the opinion may be and has been read as declaring the mandatory life imprisonment sentencing provisions unconstitutional *in toto*, I have concluded that, so far as pertinent here, Justice Lowe was holding the mandatory provisions unconstitutional only as applied to this defendant. This appears from the court's statements at the time of sentencing and from the concluding paragraphs of her opinion (93 Misc 2d 754, 763-764): "In terms of the instant case, the *Broadie* court found that the mandated life imprisonment sentence in all A-III drug felonies not only unusual when compared to sentences imposed for similar crimes in other jurisdictions; it also found the sentence severe when compared to sentences for crime within the State, since only murder in the first degree is punished more severely. The court found the legislative scheme did not contravene the cruel and unusual punishment clauses of the State and Federal Constitutions because it found the legislative classification was enacted to enforce the penological goals of deterrence and isolation. Empirical data contained in the Final Report of the Joint Committee on New York Drug Law Evaluation and other authorities cited show that the new drug laws have had no effect on drug trafficking or drug abuse in this State. The amendment subdivision 4 of section 70.00 of the Penal Law is a legislative declaration that individualized punishment of a year or less, in appropriate cases, protects the public interest where small scale sellers of narcotics are brought before the bar of justice. To paraphrase the words of Mr. Justice Marshall in *Furman v Georgia* [408 US 238, 356] to the extent that New York State uses the life imprisonment provisions of the new drug laws to encourage confessions and guilty pleas, such penalties are not being used for punishment purposes. If not used for legitimate punishment purposes, they contravene the cruel and unusual constitutional interdictions. When one lays the mandatory life imprisonment provision of the 1973 Narcotics Laws beside the discretionary sentencing mandated under the 1976 amendment to subdivision 4 of section 70.00 of the Penal Law, one realizes that the exact same crime is involved—the sale of $20 worth of cocaine—the only difference in utilization is that life imprisonment is mandated if the defendant exercises his constitutional right to go to trial and loses, while probation may be imposed if he pleads guilty. Where the defendant professes his innocence or where the evidence of guilt is seriously arguable, does the State in plea bargaining negotiations have a legitimate interest in laying on the bargaining table a choice of plea plus probation or trial plus mandatory life? Can one truly say that a defendant who opts for the plea plus probation has made a 'voluntary choice' or has the State so loaded the dice that the hazard of the roll chills the free exercise of the trial alternative?

The Legislature's presumption in 1973, that the new narcotic laws would serve the valid penological ends of deterrence and isolation, has been rebutted on the facts in this case. The imposition of a life sentence upon the defendant, Christ Askew, following his conviction, after trial, of the class A-III sale of cocaine is grossly disproportionate to the sentence he would have received if he had pleaded to the class C felony under CPL 220.20 as amended in 1976. This court cannot find any valid penological purpose to be served in inflicting on this defendant the second most severe punishment in this jurisdiction, for the same offense the Legislature decreed a sentence of one year or less would adequately protect society had this defendant pleaded rather than chosen a trial alternative. The infliction of punishment, particularly where its severity serves no valid penological purpose is cruel and inhuman. In imposing sentence on the defendant herein, this court will be guided by the standards of subdivision 4 of section 70.00 of the Penal Law. Based on this defendant's prior good record, the small amount of cocaine involved, letters of commendation received by this court from people in his community and this court's judgment that an indeterminate sentence is not necessary and would be unduly harsh, this court imposes a definite sentence of one year." The People failed to timely serve and file a notice of appeal. Some four months after sentence had been imposed, the District Attorney moved pursuant to CPL 440.40 for an order setting aside the sentence as invalid as a matter of law. The District Attorney contended on the motion that (1) the sentence was invalid because it violated the mandatory drug sentencing law in that it did not impose a minimum term of one year and a maximum term of life imprisonment (Penal Law, § 70.00, subd 4); (2) the mandatory drug sentencing provisions of section 70.00 of the Penal Law are constitutional *(People v Broadie,* 37 NY2d 100, cert den 423 US 950); and (3) the individual hardship faced by this defendant by reason of the law does not render its sentencing provisions unconstitutional *(People v Jones,* 39 NY2d 694). Justice Lowe summarily denied the motion, finding, under CPL 440.40 (subd 3), that the merits of the motion had been determined in the prior proceeding and that there was no cause for the court to exercise her discretion to grant the application. The court viewed the motion merely as an attempt to resurrect the People's time to appeal, which, because of negligence, inattention or for some other reason, had been allowed to lapse. The Justice also announced again that the determination as to unconstitutionality was made only with respect to this defendant. The majority, as did Justice Lowe, in denying the motion to vacate the sentence, appears to rely too heavily upon the failure of the People to appeal within the time permitted as a basis for refusing to exercise discretion and consider the motion on the merits. I disagree. Although review of the record clearly establishes that the People inexcusably failed timely to perfect an appeal from the original judgment, nevertheless, CPL 440.40 furnishes the prosecution with an available alternate remedy to move to vacate a previously imposed sentence which was invalid as a matter of law. What appears to have disturbed Justice Lowe and now moves the majority of this court is the apparent attempt by the District Attorney to use the statutory provision to resurrect issues barred from review on appeal. I concur that the statutory remedy is not intended as a basis for tactical maneuver. However, the refusal of the trial court to consider the application on the merits effectively deprived the prosecution of a remedy authorized by the Legislature. That the Legislature must have contemplated cases such as this, where the prosecution fails timely to appeal from invalid sentences, but later moves to set aside an improper sentence, is apparent. The statute permits the motion

to be made: "At any time not more than one year after the entry of a judgment". A similar right is accorded the defendant by CPL 440.20 (subd 1), which provides: "At any time after the entry of a judgment, the court in which the judgment was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law." Since the statute clearly affords the People an alternate remedy in lieu of direct appeal from the original judgment, to refuse to consider the application on the merits in effect renders the statute a nullity. Under the circumstances, the failure of the trial court to consider the application on the merits merely because of the delay by the People was both improper and an improvident exercise of discretion. Moreover, if the sentence imposed was premised upon a determination that the mandatory sentencing provisions are unconstitutional *in toto,* the court erred. The constitutionality of the mandatory drug sentencing laws has been clearly and definitely upheld by the Court of Appeals *(People v Broadie, supra; People v Jones, supra).* These and other cases have plainly held that a mandatory life sentence for drug related crimes does not constitute a cruel and unusual punishment. Recently, the United States Court of Appeals for the Second Circuit reached a similar conclusion in *Carmona v Ward* (576 F2d 405, revg 436 F Supp 1153). In the face of such a clear mandate there was no room for the exercise of discretion to arrive at a contrary result. In imposing sentence, it was clearly not within the province of the Trial Justice to refuse to follow or to overrule the holdings to the contrary by the Court of Appeals. Both the trial court and this court are duty bound to adhere to the determinations by the highest court of this State until overruled by that court. As stated in *People v Hobson* (39 NY2d 479, 489-491): "Precedents involving statutory interpretation are entitled to great stability * * * a precedent is entitled to initial respect, however wrong it may seem to the present viewer, if it is the result of a reasoned and painstaking analysis. * * * The ultimate principle is that a court is an institution and not merely a collection of individuals; just as a higher court commands superiority over a lower not because it is wiser or better but because it is institutionally higher. This is what is meant, in part, as the rule of law and not of men." However, this is not dispositive. *Broadie (supra)* and *Jones (supra),* were decided prior to the amendments to the statute under which this defendant was sentenced. As suggested in *Broadie* (37 NY2d 100, 119, *supra):* "This is not to say that in some rare case on its particular facts it may not be found that the statutes have been unconstitutionally applied". This is such a case. As noted in the opinion of the Trial Justice in this case, the statutes were amended in 1976 to provide that one indicted for criminal sale of a controlled substance, third degree, a class A-III felony, subject to a mandatory one-year to life sentence could, if permitted, plead guilty to a class C felony subject to a one-year sentence. (Penal Law, § 70.00, subd 4, as amd by L 1976, ch 480, § 5, eff July 1, 1976; Penal Law, § 220.39). Under the versions of the statute applicable in *Broadie (supra)* and *Jones (supra),* such option was not available. In this case the defendant was offered a plea to a class C felony which he agreed to interpose. However, because he was unwilling to admit facts upon which such a plea could be accepted, the Trial Justice properly declined to accept the plea. The conviction of a class A-III felony followed, requiring a mandatory life sentence. Applied to this defendant, with a hitherto clean record, the statute was unconstitutional. (See *People v Jones,* 39 NY2d 694, 698, 700, *supra,* Breitel, Ch. J., dissenting.) The effect of the amended statute, as applied to this defendant, was to require a life sentence because he relied

upon his constitutional right to a trial instead of admitting facts which would have resulted in a one-year sentence upon a plea based on the same acts. So wide a disparity amounts to cruel and unusual punishment and denied the equal protection of the laws. Its only basis is the "impermissible one of penalizing defendant for going to trial." *(People v Jones,* 39 NY2d 694, 701, *supra,* Breitel, Ch. J., dissenting.) It is unnecessary to repeat or paraphrase the previously quoted portions of the opinion of the Trial Justice analyzing the amended statute and its effect on this defendant. As properly held by the Trial Justice, the statute as applied to this defendant will not pass constitutional muster. The order appealed from should be affirmed. [93 Misc 2d 754.]