■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER HUFFER and MICHAEL WHITAKER, Appellants.—Appeals (1) by defendant Huffer from two judgments of the County Court, Nassau County, both

---

rendered September 10, 1979 (Indictment Nos. 46915 and 46916) convicting him of criminal sale of a controlled substance in the third degree (two counts), upon his pleas of guilty, and sentencing him to concurrent indeterminate terms of one year to life imprisonment; (2) by defendant Whitaker from a judgment of the same court, rendered August 9, 1979 (Indictment No. 46916), convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and sentencing him to an indeterminate term of two years to life imprisonment; and (3) by defendant Whitaker from an order of the same court, dated December 27, 1979, which denied his application for resentencing pursuant to section 60.09 of the Penal Law. Judgment rendered against defendant Huffer affirmed. Judgment rendered against defendant Whitaker modified, as a matter of discretion in the interest of justice, by reducing the sentence to a term of one year to life imprisonment. As so modified, judgment affirmed. Order affirmed. The original indictments in this matter (Nos. 43568 and 43569) were dismissed by an order of the County Court, Nassau County, which granted the People leave to resubmit the charges to the Grand Jury (see CPL 210.20, subd 4). It is clear from the facts of this case that the dismissal was based upon defects in the indictment within the meaning of CPL 210.20 (subd 1, par [a]), 210.25 and 200.50 (subds 6, 7). Resubmission to the Grand Jury of a charge in an indictment which has been dismissed pursuant to CPL 210.20 (subd 1, par [a]) is expressly provided for by CPL 210.20 (subd 4). The fact that the court which dismissed the indictments found that on the basis of prejudice they were not amendable pursuant to CPL 200.70, did not preclude a resubmission of the matters to the Grand Jury. CPL 210.20 (subd 4), which permits resubmission following dismissal, necessarily contemplates that those matters resubmitted may arise in cases where the indictment for one reason or another was not capable of amendment. We have considered defendants' other arguments with respect to the convictions and find them to be without merit. Accordingly, the convictions entered upon the new indictments were proper. However, we find that the disparity between the sentences imposed upon defendants Whitaker and Huffer for the same offense was unwarranted (cf. *People v Jones,* 39 NY2d 694). Accordingly, the sentence imposed upon defendant Whitaker is modified as indicated. Damiani, J. P., Gibbons, Gulotta and Martuscello, JJ., concur.