**14**

Ruth MEHLER, individually and on behalf of her minor child, and Bonnie L. Clark, both on behalf of a class of all other persons similarly situated, Plaintiffs,

v.

Barbara BLUM, Commissioner of the New York State Department of Social Services; John Wingate, Commissioner of the Orange County Department of Social Services, and Sarah A. Curtis, Commissioner of the Steuben County Department of Social Services, Defendants.

80 Civ. 3531 (LBS).

United States District Court,
S. D. New York.

Oct. 1, 1980.

Rene H. Reixach, Greater Upstate Law Project, Rochester, N. Y., Anne Hunter, Mid-Hudson Legal Services, Middletown, for plaintiffs.

Robert Abrams, Atty. Gen. of State of New York, Robert A. Feuerstein, Asst. Atty. Gen., New York City, for defendant Barbara Blum.

James G. Sweeney, County Atty. of Orange County, Albert P. Pacione, Jr., Asst. County Atty. of Orange County, Goshen, for defendant John Wingate.

## OPINION

SAND, District Judge.

Plaintiff, Ruth Mehler, individually and on behalf of her minor child and other persons similarly situated, instituted suit on June 23, 1980 against defendants Barbara Blum, Commissioner of New York State Department of Social Services, and John Wingate, Commissioner of Orange County Department of Social Services. Plaintiff challenges the policy of the New York State Department of Social Services and local social services districts to pro-rate the income allowances medically needy Medicaid recipients are permitted to retain for their personal non-medical needs where they reside with non-responsible relatives. Plaintiff's Complaint ¶ 1. On July 25, 1980, this Court granted a motion for permissive intervention by Bonnie L. Clark, a member of the class Mehler purports to represent, pursuant to Rule 24 of the Federal Rules of Civil Procedure, and to add Sarah A. Curtis, Commissioner of Steuben County Department of Social Services as a defendant.

Defendants Barbara Blum and John Wingate have moved to dismiss the action. Defendant Blum's motion asserts that this Court lacks subject matter jurisdiction, that the plaintiffs should be required to exhaust state remedies and that this Court should abstain from deciding plaintiffs' claims. Defendant Wingate's motion reiterates the grounds for defendant Blum's motion and adds the following grounds for dismissal: that the local Commissioner is not a proper party to this action, and that he is immune from liability.

*Subject Matter Jurisdiction*

Plaintiffs allege jurisdiction over defendants Blum and Wingate under 28 U.S.C. § 1343(3),[1] which provides for jurisdiction over "any civil action authorized by law to be commenced by any person ... [t]o redress the deprivation, under color of any State law ... of any right ... secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens...." Plaintiffs allege claims under the due process and equal protection clauses of the Fourteenth Amendment, and a pendent statutory claim. First, plaintiffs allege that defendants' application of a more restrictive policy in budgeting for the medically needy than for similarly situated categorically needy persons violates the equal protection clause. Second, plaintiffs allege that defendants' assumption, without proof, that the restricted income of plaintiff Mehler's son was available to meet Mehler's needs violates the due process clause.

Plaintiffs' constitutional claims, if not "absolutely devoid of merit", "wholly insubstantial", or "obviously frivolous", are encompassed within 28 U.S.C. § 1343(3). *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 1378–1379, 39 L.Ed.2d 577 (1974) (citations omitted). *See Holley v. Lavine*, 529 F.2d 1294, 1295–96 (2d Cir.), *cert. denied, sub nom. Toia v. Holley*, 426 U.S. 954, 96 S.Ct. 3181, 49 L.Ed.2d 1193 (1976); *Riddick v. D'Elia*, 626 F.2d 1084, 1086–1087, 1088 (2d Cir. 1980). Moreover, if jurisdiction is found over the constitutional claims, we may hear plaintiffs' statutory claim as a matter of pendent jurisdiction. *Hagans v. Lavine, supra*, 415 U.S. at 543, 94 S.Ct. at 1382; *Riddick v. D'Elia, supra*, at 1088; *Holley v. Lavine, supra*, 529 F.2d at 1296.

■ Both defendants assert that plaintiffs' constitutional claims are insubstantial because the challenged provisions are supported by a rational basis. However, as noted above, the jurisdictional question un-

---

1. Because we find jurisdiction pursuant to 28 U.S.C. § 1343(3), we need not reach plaintiffs' alternative jurisdictional allegations.

der *Hagans* does not address the likelihood of success on the merits of the constitutional claim; rather, it addresses the substantiality of the claim. Substantiality is determined under a lenient test:

> a constitutional claim cannot be deemed too insubstantial to support federal jurisdiction unless it is virtually certain from prior Supreme Court cases arising out of a substantially similar context that the claim has no hope of success.

*Riddick v. D'Elia, supra,* at 1088. Plaintiffs' equal protection and due process claims meet the lenient test of *Hagans* and we may therefore hear both the constitutional and statutory claims.

### Exhaustion and Abstention

Defendants Blum and Sweeney both directly assert that plaintiffs' case must be dismissed for failure to exhaust state remedies. Defendant Blum asserts that this Court should abstain from deciding plaintiffs' claims because there are pending state administrative proceedings to which we should defer. Defendant Blum alleges that plaintiffs have failed to appeal state administrative determinations, and tnat these proceedings are deemed pending as long as plaintiffs have the opportunity to appeal the administrative determinations. Defendant Sweeney asserts that this Court should abstain because this case involves a matter of intensely local interest and because actions raising similar claims are pending in state court. We find these arguments without merit and decline to abstain.

Exhaustion of state remedies is not required in suits, like plaintiffs', which allege constitutional claims pursuant to § 1983. *Cordova v. Reed,* 521 F.2d 621, 624 (2d Cir. 1975). Defendant Blum's contention that the administrative proceedings are deemed pending until all appeals are exhausted adds nothing to her exhaustion argument and is likewise without merit. *See id.* Moreover, plaintiffs' case is not included in any of the three types of cases to which abstention has been limited. *See Colorado River Water Cons. Dist. v. United States,* 424 U.S. 800, 814–817, 96 S.Ct. 1236, 1244–1246, 47 L.Ed.2d 483 (1976); *Folsom v. Blum,* 87 F.R.D. 443 (S.D.N.Y.1980); *Caldwell v. Blum,* CCH Medicare and Medicaid Guide ¶ 30,093, at 9740 (N.D.N.Y.1979).[2] Finally, with respect to pending actions in state court raising similar issues, plaintiffs are not parties to those actions and therefore abstention based on such actions would not be appropriate. *See Doran v. Salem Inn, Inc.,* 422 U.S. 922, 930, 95 S.Ct. 2561, 2567, 45 L.Ed.2d 648 (1975).

### Defendant Wingate's Additional Grounds for Dismissal

Defendant Wingate asserts that he is not a proper party because, as a subordinate of defendant Blum, he merely applied the policies of the state commissioner. Defendant Wingate also asserts that he is immune

---

2. Abstention is appropriate:
   (1) "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law," *Colorado River, supra,* 424 U.S. at 814, 96 S.Ct. at 1244–1245 (citations omitted);
   (2) "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar," *id.* (citations omitted); and
   (3) "where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings," *id.* at 816, 96 S.Ct. at 1245–1246 (citations omitted), or state civil proceedings which are akin to criminal proceedings, *see Huffman v. Pur-*

sue, 420 U.S. 592, 604, 607, 95 S.Ct. 1200, 1208, 1209–1210, 43 L.Ed.2d 482 (1975).

The only cases cited by defendant Blum to support abstention refer to ongoing state proceedings akin to criminal proceedings. *See Moore v. Sims,* 442 U.S. 415, 418, 99 S.Ct. 2371, 2375, 60 L.Ed.2d 994 (1979) (state child abuse proceeding); *Huffman v. Pursue, supra,* 420 U.S. at 595–597, 604, 95 S.Ct. at 1208 (proceeding against theater under state nuisance statute for showing obscene films); *McCune v. Frank,* 521 F.2d 1152, 1158 (2d Cir. 1975) (county police department disciplinary proceeding); *Olitt v. Murphy,* 449 F.Supp. 322, 323 (S.D.N.Y. 1979) (disciplinary proceeding against attorney); *Schachter v. Whalen,* 445 F.Supp. 1376, 1378 (S.D.N.Y.), *aff'd* 581 F.2d 35 (2d Cir. 1978) (medical licensing proceeding).

from liability in a suit under 42 U.S.C. § 1983 because of his "surrogate role" in the state Department of Social Services and because plaintiff has not alleged that he acted in bad faith or with malice. These arguments are without merit.

Under New York law, the local County Commissioner "bears 'ultimate responsibility for public assistance payments'". *Holley v. Lavine,* 605 F.2d 638, 644 (2d Cir. 1979). The local Commissioner is therefore a proper party to the instant suit, which seeks recovery of plaintiffs' lost benefits, relief which may be obtained only if the County Commissioner is a defendant. *See id.* at 642–45.

Moreover, the County Commissioner is not "an arm of the State" for purposes of the Eleventh Amendment and is therefore not immune from suit. *Holley v. Lavine, supra,* at 645. Finally, the County Commissioner may not assert a good faith defense to plaintiffs' claim for benefits due and owing. *Id.* We therefore find defendant Wingate's additional grounds for dismissal to be without merit.

For the reasons stated herein, the motions of defendants Blum and Wingate to dismiss plaintiffs' action are denied.

SO ORDERED.