■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD JORDAN, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (Booth, J.), entered September 24, 1981, which denied their motion pursuant to CPL 440.40 to set aside the sentence in this case as invalid as a matter of law. Order affirmed. Before the defendant entered his guilty plea, the prosecutor, defense counsel and the court indicated to defendant that he would be sentenced as a second felony offender. Prior to the sentencing of the defendant, the People served a second felony offender statement and the defendant was arraigned thereon and sentenced, as originally promised by the court, to a term of imprisonment of one and one-third to three years. Thereaf-ter, the People moved to have the defendant resentenced as a second violent felony offender and served upon him a second violent felony offender statement listing the same prior robbery conviction as that set forth in the second felony offender statement served earlier. The motion was denied by the sentencing court and an order to that effect was entered on July 15, 1981. The People did not file a notice of appeal from that order or from the original sentencing.

Subsequently, the People moved pursuant to CPL 440.40 to set aside the defendant's sentence. The court denied the motion and we affirm that determination. CPL 440.40 (subd 3) provides that the court may deny a motion to set aside a sentence when the ground or issue raised was previously determined on the merits. Such was the case herein. Accordingly, under the circumstances here presented, the court's denial of the motion to set aside the sentence was not an improvident exercise of discretion. (See *People v Askew,* 66 AD2d 710.) In view of the foregoing, we need not reach the question of whether the defendant could properly have been sentenced as a second *violent* felony offender. Titone, J. P., Lazer, Brown and Niehoff, JJ., concur.