■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VINCENT FRANGIA-MONE, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Hentel, J.), dated December 3, 1982, which denied their motion pursuant to CPL 440.40 to set aside a sentence imposed on June 25, 1982. Order affirmed. Prior to the sentencing of the defendant upon his conviction, after a plea of guilty to criminal sale of a controlled substance in the third degree, the court handed to both counsel a sentencing memorandum which set forth the court's belief that the statutory minimum sentence for that drug-related class B felony (Penal Law, § 70.00, subd 3, par [b]) constituted cruel and unusual punishment as to defendant. The memorandum developed at length the court's reasoning and the case law upon which it relied. Moreover, the court heard argument from both counsel as to the propriety of the sentence. The court then sentenced defendant to five years' probation. The People's notice of appeal from that judgment was not timely filed and the appeal was, therefore, dismissed by this court upon defendant's motion on March 2, 1983. In the period between the filing of the notice of appeal and this court's decision on defendant's motion to dismiss the People's appeal, the People moved pursuant to CPL 440.40 to set aside defendant's sentence. Criminal Term denied the motion and we affirm. CPL 440.40 (subd 3) provides that a court may summarily deny a motion to set aside a sentence "when the ground or issue raised thereupon was previously determined on the merits upon a prior motion or proceeding in a court of this state, other than an appeal from the judgment or sentence". Such was the case here. Accordingly, under the circumstances here present, the trial court's refusal to grant the motion to vacate the sentence was not an improvident exercise of discretion (see *People v Jordan,* 88 AD2d 922; *People v Askew,* 66 AD2d 710). Mollen, P. J., Titone, O'Connor and Weinstein, JJ., concur.