■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH THOMAS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered April 14, 1983, convicting him of grand larceny in the first degree (two counts), upon a jury verdict, and sentencing him, as a second felony offender, to concurrent indeterminate terms of 3 to 6 years' imprisonment.

Judgment affirmed.

Defendant's conviction arises from events which occurred while he was incarcerated in the Suffolk County Jail serving a one-year sentence for burglary in the third degree. We have reviewed the record and conclude that viewed in a light most favorable to the prosecution the evidence was sufficient to establish that the defendant extorted money from two fellow inmates by instilling in them a fear that they would be physically harmed if they did not pay him (*People v Contes,* 60 NY2d 620; Penal Law § 155.40; *see, People v Dioguardi,* 8 NY2d 260).

Defendant was sentenced as a second felony offender to the minimum sentence authorized by Penal Law § 70.06. At sentencing, defendant did not controvert the predicate felony conviction and, clearly aware of the statutory sentencing range, urged the court to be as lenient as possible. Defendant's claim, raised for the first time on appeal, that the sentencing statute is unconstitutional as applied to him and that under the circumstances the mandatory minimum authorized sentence of 3 to 6 years is cruel and unusual punishment, is thus not preserved for our review (*see, People v Cates,* 104 AD2d 895; *People v Oliver,* 63 NY2d 973; *People v Drummond,* 40 NY2d 990, *cert denied sub nom. New York v Luis J.,* 431 US 908). In any event, there are no exceptional circumstances to support such a claim (*see, People v Jones,* 39 NY2d 694, 697; *People v Broadie,* 37 NY2d 100, 112, *cert denied* 423 US 950). We note that since defendant's moving papers did not make a prima facie showing of some compelling factor, consideration or circumstance clearly demonstrating that his prosecution and conviction would be unjust, there was no legal basis for dismissal of the indictment in the furtherance of justice, and it was not error for the court to deny defendant's motion to dismiss the indictment without having conducted a hearing (CPL 210.40, 210.45 [5] [a]; *People v Schlessel,* 104 AD2d 501).

We have examined defendant's remaining contentions and find them to be without merit. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.