■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN ROSADO, Appellant.—Appeal by the defendant from two judgments of the County Court, Westchester County

(Martin, J.), both rendered September 16, 1983, convicting him of criminal possession of a controlled substance in the first degree under indictment No. 82-01090-01, and criminal possession of a weapon in the third degree under indictment No. 82-01120-01, upon his pleas of guilty, and imposing sentences.

Judgments affirmed.

The defendant failed to raise any objections to the constitutionality of the mandatory sentencing scheme of Penal Law § 70.00 before the sentencing court, and, therefore, the issue of law is unpreserved for appellate review (CPL 470.05 [2]). In any event, we find no merit to the defendant's contention that such provisions constitute cruel and unusual punishment either on their face or as applied *(see, People v Jones,* 39 NY2d 694; *People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950; *People v Donovan,* 89 AD2d 968, *affd* 59 NY2d 834). Finally, as the sentences imposed were the result of a negotiated plea, the defendant may not now be heard to complain that they are excessive *(see, People v Kazepis,* 101 AD2d 816). Brown, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.