THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY FONG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered March 12, 1985, convicting her of kidnapping in the first degree, robbery in the first degree, burglary in the first degree, grand larceny in the first degree, and criminal use of a firearm in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction of criminal use of a firearm in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The Court of Appeals has recently ruled that "[w]hen use of or display of a firearm is an element of a class B felony, the use or display of that same firearm cannot also be the predicate for criminal display of a firearm in the first degree" *(People v Brown,* 67 NY2d 555, 560, *cert denied* — US —, 107 S Ct 1307). Therefore, we agree with the defendant herein that her conviction of criminal use of a firearm in the first degree must be reversed. Insofar as the defendant's convictions of robbery in the first degree and burglary in the first

degree served as the predicate crimes for her conviction of criminal use of a firearm in the first degree, as conceded by the People, the firearm count should have been dismissed upon the defendant's conviction of the robbery and burglary counts.

The defendant also argues that her guilt was not proven beyond a reasonable doubt. We find, however, that the evidence adduced at trial, when viewed in a light most favorable to the prosecution, was legally sufficient to support the guilty verdict (see, People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Finally, we have reviewed the sentence imposed and find that under the circumstances, it was fair and appropriate (see, People v Suitte, 90 AD2d 80) and was not unconstitutional as applied to the defendant (see, People v Jones, 39 NY2d 694; People v Broadie, 37 NY2d 100, cert denied 423 US 950; People v Donovan, 89 AD2d 968, affd 59 NY2d 834). Mangano, J. P., Brown, Rubin and Harwood, JJ., concur.