■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY J. BUFFA, Appellant.—Appeal by the defendant, as limited by his brief, from a sentence of the Supreme Court, Suffolk County (McInerney, J.), imposed September 26, 1984, upon his conviction of criminal sale of a controlled substance in the second degree, upon his plea of guilty, the sentence being an indeterminate term of three years' to life imprisonment.

Ordered that the sentence is affirmed.

The defendant's claim, raised for the first time on appeal, that the mandatory life sentence provided under the sentencing statute is unconstitutional as applied to him is unpreserved for appellate review (CPL 470.05 [2]; People v Rosado, 123 AD2d 334, lv denied 68 NY2d 1003; People v Thomas, 108 AD2d 884). In any event, we find no merit to the defendant's

contention that his sentence of an indeterminate term of three years' to life imprisonment, the minimum permissible term for a conviction of a class A-II felony offense (Penal Law § 70.00 [2] [a]; [3] [a] [ii]), constitutes cruel and unusual punishment in violation of constitutional limitations (NY Const, art I, § 5; US Const 8th Amend; *People v Jones,* 39 NY2d 694; *People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950; *People v Donovan,* 89 AD2d 968, *affd* 59 NY2d 834). The circumstances extant at bar do not constitute one of those "rare cases" envisioned by *People v Broadie (supra,* at 119) where the mandatory sentencing statutes for drug-related offenses are so disproportionate to the offense as to be unconstitutional as applied. Finally, as the sentence imposed was the result of a negotiated plea and was also the minimum permissible term, the defendant has no cause to complain that it is unduly harsh or excessive *(see, People v Rosado, supra; People v Kazepis,* 101 AD2d 816). Thompson, J. P., Bracken, Brown, Weinstein and Spatt, JJ., concur.