■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VALENTINE MIRABALLES, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered January 20, 1987, convicting him of

criminal possession of a controlled substance in the first degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was placed in custody by the police on February 15, 1986, as he entered the lobby of Stouffer's Inn restaurant, carrying a gymnasium bag. A detective seized the bag and then escorted the defendant to the parking lot, where another detective was waiting. The latter detective opened the bag and found a kilogram of cocaine inside.

The record indicates that on February 11, 1986, the police obtained a warrant to search the defendant and his vehicle. The information contained in the affidavit of Detective Prete, submitted in support of the application for the warrant, together with additional information, gave the police reasonable grounds to believe that the defendant (1) possessed cocaine in the bag which he intended to sell, and (2) would be armed. Under these circumstances the defendant's arrest was valid, and the search of the bag, which was "not significantly divorced in time or place from the arrest", was proper *(People v De Santis,* 46 NY2d 82, 88; *see also, People v Smith,* 59 NY2d 454, 458).

The defendant also argues that the mandatory minimum sentence imposed upon him is unconstitutional, in that it constitutes cruel and unusual punishment. Any issue of law with respect to this argument is unpreserved for appellate review, and is, in any event, without merit (CPL 470.05 [2]; *People v Buffa,* 139 AD2d 751).

We have reviewed the defendant's remaining arguments and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Thompson, Bracken and Eiber, JJ., concur.