■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUILLERMO MARIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered June 3, 1986, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have considered the contention raised by the defendant and find it to be without merit. Thompson, J. P., Brown, Lawrence and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DULBIDA MARTIÑEZ, Appellant.—Appeal by the defendant, as limited by her brief, from a sentence of the County Court, Suffolk County (Floyd, J.), imposed October 28, 1986, upon her conviction of criminal possession of a controlled substance in the second degree, upon her plea of guilty, the sentence being an indeterminate term of three years' to life imprisonment.

Ordered that the sentence is affirmed.

We find no merit to the defendant's contention that her sentence of an indeterminate term of three years' to life imprisonment, the statutory minimum term for a conviction of a class A-II felony offense (Penal Law § 70.00 [2], [3] [a] [ii]), constitutes cruel and unusual punishment in violation of constitutional limitations (NY Const, art I, § 5; US Const 8th Amend; *People v Jones,* 39 NY2d 694; *People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950). Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.