■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON JAMES MALONE, Appellant.—Appeal by the defendant, as limited by his brief, from two sentences of the County Court, Suffolk County (Tisch, J.), both imposed May 28, 1987, upon his convictions of burglary in the second degree (two counts) and attempted burglary in the second degree, under S.C.I. No. W-0985/86, and attempted burglary in the second degree under indictment No. 1667/86, upon his pleas of guilty.

Ordered that the sentences are affirmed.

The sentences imposed by the court were well within the statutory limits authorized for the four violent felony offenses to which defendant entered knowing and voluntary pleas of guilty. The defendant's contention, raised for the first time on appeal, that the sentencing statute (Penal Law § 70.02 [2] [b]; [3] [b]; [4]) is unconstitutional as applied to him is not preserved for our review *(see, People v Thomas,* 108 AD2d 884). In any event, there are no exceptional circumstances to support such a claim *(see, People v Jones,* 39 NY2d 694, 697; *People v Broadie,* 37 NY2d 100, 112, *cert denied* 423 US 950). On this record, we find the sentences imposed, which were the product of a plea agreement *(see, People v Kazepis,* 101 AD2d 816), were not excessive *(see, People v Suitte,* 90 AD2d 80). Nor was the court's denial of youthful offender treatment an improvident exercise of discretion in view of the fact two of the burglaries were committed while the defendant had been released on bail. Mollen, P. J., Bracken, Rubin, Sullivan and Rosenblatt, JJ., concur.