■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS SCOTT, JR., Appellant.—Judgment, Supreme Court, Bronx County, rendered February 26, 1976, after a jury trial, convicting the defendant of the crime of criminal possession of a controlled substance in the first degree, reversed, on the law, and the indictment dismissed. Lewis Scott was employed as a mechanic at a garage located in Bronx County. An undercover police officer, Elmer Toro, had contacted Leonard Alvarez to arrange for the purchase of a quantity of cocaine. He met Alvarez at the garage in which Scott worked in order to consummate the sale of one eighth of a kilo of cocaine. Alvarez then directed Scott to bring him the package that he had left the night before. Scott brought up the "package", which was a dark blue or black case. The contents of the case could not be discerned by merely looking at its exterior. Evidence was adduced at trial regarding negotiations between Toro and Alvarez over the price to be paid; in any event, they took place without the presence of Scott. However, other than Scott's having stored the "case" for Alvarez overnight, no evidence was adduced regarding Scott's involvement in the sale. No evidence at all showed that Scott had knowledge of the contents of the case, or the nature of the negotiations between Alvarez and Toro. Photographs taken by the police backup team do not show Scott doing anything illicit—though they were quite persuasive regarding the involvement of Alvarez. A recorded telephone conversation between Toro and Scott referred to a "girl", which in drug parlance means cocaine, but was something which Scott did not acknowledge. The language used could have referred just as well to the services of a prostitute. Conviction of criminal possession of a controlled substance in the first degree requires proof that the accused knowingly possessed the illicit substance (Penal Law, § 220.21). The evidence adduced at this trial fell far short of proving that Scott had knowing possession of a controlled substance, and we have accordingly dismissed the indictment (CPL 470.20, subd 2). In view of our finding, we deem it unnecessary to review the other allegations of error raised. Concur—Murphy, P. J., Evans, Lane and Markewich, JJ.; Silverman, J., dissents in a memorandum as follows: I would affirm the conviction but reduce the sentence. I think the evidence was sufficient to justify the jury's finding that defendant knew he possessed narcotics. The sentence here was 15 years to life. This is the sentence required by statute for this crime. (Penal Law, §§ 220.21, 70.00, subd 3, par [a], cl [i].) In *People v Broadie* (37 NY2d 100) the Court of Appeals sustained this statutory scale of sentences as constitutional and not a violation of the constitutional provision against cruel and unusual punishment. But the court in that case said (p 119) "This is not to say that in some rare case on its particular facts it may not be found that the statutes have been unconstitutionally applied". I think this is one of those rare cases. Defendant's conviction rested on a transitory, almost constructive possession, at the request of and for the benefit of the codefendant Alvarez. Defendant had no previous involvement with the law. He is a married man with four children steadily employed as a mechanic in the same garage for 10 years. In these circumstances, a sentence of 15 years to life seems to me to be so extreme as to violate the prohibition against cruel and unusual punishment. As the majority is dismissing the indictment, it is perhaps academic to determine exactly what modification I would make of the sentence. I would deem any of the following modifications appropriate: Striking the minimum; or reducing the minimum to one year (which

amounts to the same thing) (Penal Law, § 70.00, subd 3); or reducing the sentence to time served. (The defendant has already been incarcerated for almost two and one-half years.)