THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY LEE ROBINSON, Appellant.

First Department, June 7, 1979

## APPEARANCES OF COUNSEL

*Robert A. Goldschlag (Robert Z. Dobrish* with him on the briefs), attorney for appellant.

*Charles Evan Stewart* of counsel *(James D. Veach* with him on the brief; *Robert M. Morgenthau, District Attorney),* for respondent.

## OPINION OF THE COURT

LUPIANO, J.

An undercover police officer (Jackson) purchased a quantity of heroin from one Franklin Simmons. Simmons used defendant, Mary Lee Robinson, as the messenger in this transaction to bring the narcotics to him. About six months after the sale, Simmons was arrested. A member of the surveillance team

(Officer Ambrozaitis) spoke to defendant in the courtroom on the day of Simmons' arraignment. Defendant was not named as a defendant in the criminal court complaint. The undercover officer (Jackson) also saw defendant that day. The identification testimony at trial connecting defendant with this illegal drug transaction was that of the undercover officer and another member of the surveillance team (Officer Bade). However, it was not until five weeks after Simmons' arrest and arraignment that defendant was arrested.

Subsequently, defendant and Simmons were both indicted for criminal sale of a controlled drug in the second degree. After a joint trial they were convicted. At trial, counsel for Simmons asked the officer who arrested Simmons, one Ambrozaitis, whether he told Simmons after arrest that if he did not co-operate, he would be prosecuted in the State (with its more severe penalties) rather than in the Federal courts. Upon the prosecutor's objection, a side bar conference ensued, during which Simmons' counsel stated that his client had been threatened that if he did not co-operate, his wife, defendant herein, would also be charged with the sale. Counsel for the defendant, Mary Lee Robinson, stated that this line of inquiry was relevant to *his* client's case since she was arrested one month later than Simmons and allegedly only because Simmons failed to co-operate with the authorities. In sustaining the prosecutor's objection, the trial court viewed such inquiry to be irrelevant insofar as Simmons was concerned.

In summation, counsel for defendant Robinson reiterated the undercover officer's (Jackson) testimony that he arrested Simmons on May 6, 1975, but that the police did not arrest Robinson at the same time although she was present, ostensibly because they did not want to embarrass Robinson in her neighborhood. He also recalled Officer Ambrozaitis' testimony to the effect that although he spoke to Robinson in court at Simmons' arraignment and although another Officer Kanapes saw her and knew she was involved, the police made no effort to arrest her. Referring to his client as a "pawn" and after recalling the assertion that Robinson was subsequently arrested because of Simmons' failure to co-operate, counsel pointed out that the police arrested Robinson at a welfare center with consequent embarrassment to his client, albeit among the proffered reasons for failure to arrest earlier was the professed desire to avoid embarrassment to Robinson.

On this record it is clear that Robinson was utilized in this

narcotic transaction by Simmons as a messenger to convey the package containing the heroin from a location which is apparently the residence of Simmons and his "wife", defendant Robinson, to the premises where the sale was to be made. The extent of her involvement, other than the aforesaid, is not delineated with any further degree of specificity, other than that allowable by permissible inference. It also appears that Simmons and Robinson are the parents of two children.

At sentencing, Robinson's counsel pointed out that his client has no prior record whatsoever, is the mother of two small children, and that her involvement in the case resulted from the relationship with Simmons (who has a prior record). The trial court responded that "as far as Mary Lee Robinson is concerned, I feel she became involved in this case because of her husband, Mr. Simmons. If it were possible, I would give her less than what I'm going to give, but the law is mandatory. I hereby sentence Mary Lee Robinson to a period of minimum of six years and a maximum of her natural life." The probation report fully supports the pertinent observations of the sentencing court respecting Robinson and also contains the reflection that defendant appears to be below average intelligence.

In *People v Alvarez* (65 AD2d 146, 154-155) we observed in dicta that were we not there reversing and granting a new trial, a grave doubt as to the propriety of the sentence within the ambit of *People v Broadie* (37 NY2d 100, 118-119) might arise. We stated not that the case presented a rare situation as envisioned in *Broadie,* but that it *might* present such a situation, thus alerting a perspicacious trial court to this latent issue upon the new trial, should the necessity arise for its consideration.

Here we are confronted not with declaring in dicta the possibility of a *Broadie*-type situation, but with stating unequivocally whether the instant matter is embraceable within the guidelines of *Broadie.* It suffices to note that we are in agreement that the instant case does present that rare case which on its particular facts impels the reasoned conclusion that the statutes have been unconstitutionally applied insofar as the sentencing of this defendant is concerned.

Accordingly, the judgment of the Supreme Court, New York County (DICKENS, J.), rendered July 13, 1976, convicting the defendant, after a jury trial, of the criminal sale of a controlled substance in the second degree and sentencing her to

an indeterminate term of from six years to life imprisonment, should be modified, on the law, to reduce the term to one year to life imprisonment, and, as so modified, affirmed.

LANE, SILVERMAN and LYNCH, JJ., concur; KUPFERMAN, J. P., concurs in result only.

Judgment, Supreme Court, New York County, rendered July 13, 1976, modified, on the law, to reduce the term to one year to life imprisonment, and, as so modified, affirmed.