■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v WILLIAM MANSELL, Appellant-Respondent.—Judgment, Supreme Court, New York County, rendered June 29, 1979, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree (former Penal Law, § 220.21) and imposing an indeterminate sentence of from two years to life, modified, on the law, to vacate the sentence, the case remanded for resentencing, and otherwise affirmed. The sentencing of defendant convicted of an A-I felony to an indeterminate prison term of from two years to life imprisonment violated section 70.00 (subd 3, par [a], cl [1]) of the Penal Law, which was then applicable and required a minimum period of not less than 15 years. This is not the rare case on its particular facts which might justify finding that the applicable sentencing provision was unconstitutional as applied to this defendant. However, we note that within three months of the sentence, the law was changed so that the weight requirement for an A-I felony was increased from 2 to 4 ounces and the mandatory minimum for an A-II felony (the category into which defendant would then fall in that he possessed approximately 2.7 ounces) was lowered to three years. Under these circumstances, and in light of the sentiment expressed by the sentencing court, we note that upon being resentenced, defendant as one incarcerated under an A-I narcotic sentence may seek executive clemency from the harsh sentencing consequences operating herein (see Hechtman, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law, § 60.09, Cumulative Annual Pocket Part, p 56). Concur—Sullivan, Markewich, Lupiano and Silverman, JJ.

Sandler, J. P., dissents in a memorandum as follows: I dissent and would affirm the sentence for the reasons stated by the Trial Judge as well as on the basis of the analysis of Fein, J., in his concurring opinion in *People v Askew* (66 AD2d 710, 712). I agree that the facts of this case do not fall neatly into the rare case exception to the constitutionality of the sentencing provisions of the narcotics laws as formulated by the Court of Appeals in *People v Broadie* (37 NY2d 100, 119, cert den 423 US 950). Perhaps, as the memorandum of the court suggests, it does not fit at all into that exception although that does not seem so clear to me. Certainly it can hardly be doubted that the mandatory minimum sentence of 15 years to life required to be imposed by the statute is here a shocking one, and "grossly disproportionate" to the crime. (See *People v Broadie, supra,* p 111.) The defendant was convicted of possessing substances with an aggregate weight of slightly over two ounces containing heroin. The harshest view of the defendant's conduct consistent with the facts developed at trial, and by no means an inescapable one, is that he may have been a small scale street seller. At the time of the event, the offense constituted an A-I felony (see former Penal Law, § 220.21) punishable by a minimum term of 15 years to life. (See Penal Law, § 70.00, subd 3, par [a], cl [1].) Appropriately recognizing that

this punishment provided by statute for the offense was enormously more severe than the offense warranted, the Assistant District Attorney in charge of the case offered to permit the defendant to plead guilty to an A-III felony with the expectation that he would receive a minimum sentence of one year. The defendant declined the offer, exercised his constitutional right to go to trial and was convicted of the A-I felony. The statute mandates for the offense of which defendent stands convicted a punishment equal to that he would face if convicted of the intentional killing of another person (see Penal Law, § 125.25), and substantially greater than the punishment that could be imposed on him if in the course of a robbery he had caused serious physical injury to another person. (See Penal Law, § 160.15, subd 1; § 70.02, subd 3, par [a]; subd 4.) This simply cannot be right.