■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUD WEST, Appellant. — Appeal from a judgment of the County Court of Chemung County, rendered January 22, 1980, which resentenced defendant, following a conviction for the crime of criminal possession of stolen property in the first degree, to an indeterminate term of imprisonment of not less than two years nor more than four years. Defendant was charged in an indictment with the crime of criminal possession of stolen property in the first degree (Penal Law, § 165.50). A plea bargain was subsequently entered into whereby, in return for defendant's plea of guilty of the crime charged in the indictment, the District Attorney would recommend a sentence not to exceed three to six years as a second felony offender with the sentence to run concurrently with the balance of the sentence defendant was then serving. On April 27, 1979, the ·plea bargaining proceedings were placed on the record and defendant entered a plea of guilty of the crime of criminal possession of stolen property in the first degree. On May 25, 1979, defendant was sentenced as a second felony offender to an indeterminate term of not less than two nor more than four years with the sentence to run concurrently with the sentence he was then serving. It thereafter came to the attention of the court that subdivision 2-a of section 70.25 of the Penal Law ·mandated that the sentence imposed on May 25, 1979 run consecutively with the prior sentence defendant was then serving. Consequently, on January 22, 1980, defendant was resentenced to an indeterminate term of not less than two nor more than four years with the sentence to run consecutively with the sentence he was serving at the time he was originally sentenced. Upon resentencing, the following colloquy took place: "MR. GRAY: Am I to understand, then, your Honor, in spite of the plea bargaining your Honor is not affording him the opportunity to withdraw his plea? THE

COURT: This sentence was more favorable to the defendant than the plea bargaining. The plea bargaining was three to six years, but I was very sympathetic with the defendant's story at the time of sentencing, so I reduced the sentence to two to four years. So, actually he is getting a much better disposition than he would if I had complied with the plea bargaining. MR. GRAY: Note our exception." On this appeal, defendant argues that the court abused its discretion in resentencing him and that the original sentence imposed should be reinstated. Any sentence "promise" at the time of plea is conditioned upon its being lawful and appropriate *(People v Selikoff,* 35 NY2d 227, 238). Subdivision 2-a of section 70.25 of the Penal Law required that a consecutive sentence be imposed under the circumstances presented and the court was bound by this statute. The original sentence imposed, therefore, was erroneous as a matter of law and it was the court's inherent duty to correct the error (see *Matter of Wadsworth v Mogavero,* 71 AD2d 157). In our view, however, defendant should have been afforded the opportunity to withdraw his plea prior to the imposition of a different sentence (see *People v Ransom,* 55 AD2d 980; *People v Miller,* 38 AD2d 745). Accordingly, the judgment must be reversed and defendant given the opportunity to withdraw his plea prior to the imposition of a sentence in accordance with the applicable statutes. Judgment reversed, on the law, and matter remitted to the County Court of Chemung County for further proceedings not inconsistent herewith. Mahoney, P.J., Sweeney, Kane, Weiss and Herlihy, JJ., concur.