■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SCADUTO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered August 16, 1979, convicting him of manslaughter in the second degree, upon a plea of guilty, and sentencing him to an indeterminate term of imprisonment with a maximum of 10 years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to an indeterminate term of imprisonment with a maximum of three years. As so modified, judgment affirmed (see *People v Fooks,* 21 NY2d 338; *People v Colon,* 77 AD2d 370). The sentence was excessive to the extent indicated. Weinstein, J. P., O'Connor and Boyers, JJ., concur.

Thompson, J., dissents and votes to affirm the judgment, with the following memorandum. I do not agree with the majority that the defendant's sentence is excessive. The defendant James Scaduto and two companions went to a bar where they beat one Scott Parrish with a baseball bat, their hands and their feet. One of the other assailants had apparently initiated the event because Parrish had earlier beaten up his brother. Scaduto had wielded the bat and admitted hitting the victim in the legs and back. Parrish died of his injuries. Scaduto was indicted for acting in concert with others to commit the crimes of manslaughter in the first degree, manslaughter in the second degree and criminal possession of a weapon in the fourth degree. He had turned 16 four days before the beating of Parrish, had no prior record and had attended a special school because he was deemed to be emotionally handicapped. Scaduto pleaded guilty to manslaughter in the second degree in full satisfaction of the indictment. He faced a maximum sentence of 15 years. He was sentenced to an indeterminate term of 0 to 10 years. The Trial Judge, based on what information was available to him, believed that Scaduto had delivered the actual fatal blow that fractured Parrish's skull, treating the skull like a baseball. So long as a sentence is within legal limits, that sentence rests within the sound discretion of the sentencing Judge. I would not interfere when there has been no abuse of that discretion. The instant offense was senseless and brutal. It occurred because one of Scaduto's acquaintances wanted vengeance — which was achieved in a three-on-one attack with a baseball bat. The interests of justice, as I perceive those interests, simply do not call for a reduction of sentence.