OPINION OF THE COURT
Harry Edelstein, J.
The defendant has moved this court by order to show cause dated November 10, 1982, for an order directing a hearing pursuant to section 70.02 (subd 5, par [b]) of the Penal Law for the purpose of determining whether a sentence other than an indeterminate sentence of imprisonment should be imposed. The court finds that section 70.02 (subd 5, par [b]) of the Penal Law provides no authority for such a hearing as it refers only to those cases in which there has been a plea of guilty to certain violent felony offenses. The narcotics offense to which the defendant pleaded guilty is not such an offense.
However, this court has reviewed the affirmation of the defendant, his counsel, the attached exhibits, the answering affirmation of the People and the probation report. The information contained in those documents indicates that there is a serious question as to whether the statutorily mandated prison sentence is proper for this defendant. The defendant has attached letters from individuals in his community who speak well of him. He is 27 years old, and is presently employed. He was indicted for two counts of criminal sale of a controlled substance in the third degree *113 (two sales for $130 and $150) and two counts of criminal possession of a controlled substance in the third degree (possessing the substances he sold). He was offered a plea to a C felony if he was able to supply information about other narcotics sellers, but he was unable to do so and he ultimately pleaded guilty to one count of criminal sale of a controlled substance in the third degree, a B felony, in satisfaction of the charges in the indictment.
The probation report indicates that Mr. Royster was cooperative and acknowledged the seriousness of his crime. He admitted to selling some narcotics in the past, but “not as a regular thing”. He is not known to be a drug dealer in Orange County, his home. The defendant’s family appears to be supporting him through his legal problems. He has had no prior arrests.
In People v Broadie (37 NY2d 100), the court acknowledged that even though the sentencing scheme then under review was found not to be unconstitutional per se, there could be a rare case in which a mandated sentence was unconstitutional as applied to a particular defendant. It appears to this court that this is such a “rare case.” To sentence Leon Royster to the mandated State prison sentence would not only be an excessively harsh sentence but would constitute a grossly disproportionate punishment for the crime he committed.
Since the New York Court of Appeals decided People v Broadie {supra), other courts in this State have addressed the difficult questions involved in determining whether to apply a statutorily mandated sentence. Chief Judge Breitel, the author of the Broadie opinion, had occasion to dissent from the majority opinion in People v Jones (39 NY2d 694) on the question as to whether a mandated sentence, as applied, constituted cruel and unusual punishment. He reflected upon the relationship between the requirements of the law and the needs of justice concerning sentencing and stated: “While justice and law may not be coextensive, and indeed they are not, a divergence too great is not tolerable or acceptable under constitutional limitations based on due process of law, equal protection of the law, and cruel and unusual punishment. Margin for discrepancy there may be between law and justice but not *114 an ocean’s breadth justified only by adherence to the letter.” (39 NY2d, at p 701.)
Whether or not the application of a mandated sentence to a particular defendant would be too great a divergence between law and justice to be tolerable is dependent upon those facts unique to each defendant and each crime. As observed in People v Catalano (101 Misc 2d 436, 441) “the phrase ‘grossly disproportionate’ involves relative terms — not absolutes — and that permissible divergence between the mandate of the law and the parameters of justice is to be determined by variables — not fixed points.”
In People v Vincent F. (NYLJ, July 12, 1982, p 19, col 2 [Supreme Ct, Queens County]) the court sentenced a defendant who had pleaded guilty to criminal sale of a controlled substance in the third degree, a class B felony. After reviewing the defendant’s personal and criminal history, including his efforts to rehabilitate himself, the court concluded that the legislatively mandated prison sentence would create a manifest injustice. Justice Hentel of that court determined that a jail term of one to three years would serve no useful purpose in that case and he imposed a sentence of probation as a reasonable alternative to the mandated prison term. (Cf. People v Robinson, 68 AD2d 413; People v Alvarez, 65 AD2d 146; People v Scott, 64 AD2d 525; People v Mansell, 79 AD2d 582; Matter of Quinton A., 68 AD2d 394.)
The defendant in the instant case was convicted of the offense of selling cocaine and his indictment involved the sale of cocaine on two occasions, with the accompanying possession on each occasion. Both incidents involved relatively small sales. Although the need for serious prosecution of drug offenses is not questioned, there must be some sentencing coherence when comparing these crimes with the sentences imposed for more violent crimes. The Appellate Division of the Second Department has seen fit to reduce sentences for violent crimes when the circumstances have seemed appropriate (People v Scaduto, 89 AD2d 591.) In People v Shakes (90 AD2d 800), the defendant was convicted of manslaughter in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict. He was sentenced by a prominent and *115 capable Supreme Court Justice, the Honorable Sybil Hart Kooper to 5 to 15 years and 3 to 9 years, respectively, and concurrently. On November 12, 1982', the Appellate Division modified those sentences in the interest of justice and reduced them to 2 to 6 years and IV2 to 4V2 years, respectively, and concurrently.
On the same date in People v Daniels (90 AD2d 798), the Appellate Division modified the sentence of the defendant who pleaded guilty to manslaughter in the first degree before another Supreme Court Justice, also prominent and capable, and received a sentence of 4 to 12 years, to 2 to 6 years in the interest of justice.
The defendant herein having pleaded to a nonviolent crime and having no prior contact with the law should receive similar consideration in the interest of justice. The court should have discretion to sentence this defendant to up to six months in the county jail and five years’ probation.
Since being charged with these crimes, the defendant has obtained steady employment. His family and friends have rallied to support him and indicate their continuing support, even if the defendant is sentenced to jail. He does not have a substance abuse problem and seems to have been involved only in infrequent and small scale drug selling. The shock of being arrested, with its attendant effects upon his life and upon his family, has probably been more of a rehabilitative factor than any term in prison. Though it is always risky to make such predictions, the chances of this defendant ever becoming involved in narcotics traffic again is minimal, especially when the defendant will be on probation for five years, and the awesome spectre of a potential State prison sentence of up to 25 years will loom during that probationary period.
Given the above-mentioned factors, what purpose does a prison sentence serve for this defendant? “ ‘Jail is a precious correctional commodity; it should be used sparingly and as a last resort. There áre alternative sanctions which better suit most offenders and victims’ ” (People v Vincent F., NYLJ, July 12, 1982, p 19, cols 2, 4, supra). The legislatively mandated sentence for this offense makes a *116 prison sentence the first resort in sentencing rather than the last resort. Such a sentence makes no sense and serves no valid purpose either for society or for this defendant. This court believes that any Judge must have the discretion to avoid a mandatory State prison sentence for a defendant who is convicted or pleads to a nonviolent felony.
The criminal justice system in the State of New York with the disparity in prosecution in the large cities and suburban communities cries out for an over-all examination and change. A Judge has a discretion in manslaughter in the second degree case where a person’s life has been taken to grant probation. Shouldn’t the same discretion be authorized for Judges in sentencing nonviolent criminals involving the sale of a small amount of drugs?
In the past two years in Rockland County, there were approximately 33 defendants charged with a B felony with the sale of narcotics. Thirty of these were reduced by the District Attorney to a C felony and the court, noting that these defendants had no prior serious felony involvement, sentenced these defendants to a term of up to 60 days in the county jail and five years’ probation in most of the cases. The three that were sentenced to State prison without reduction covered other charges outstanding against them or involved prior bad records. Upon information and belief innumerable similar charges against defendants in the City of New York and Westchester County have been reduced without any requirement that the defendant implicate another “small seller”. If this promise to a defendant to reduce the charge would result in the apprehension and conviction of those persons who prey upon the community by a continuous sale of large amounts of drugs, this court would indorse it. Unfortunately this practice usually results in the arrest of only another infrequent and small scale seller.
This court believes that this matter is one of those “rare cases” referred to in People v Broadie (37 NY2d 100, supra), in which the mandated sentence is unconstitutional as applied to this defendant. The court rejects the imposition of a State prison sentence and sentences Leon Royster to a term of five years’ probation with conditions as specified in *117 open court. In addition, this defendant will complete one year of community service of at least eight hours per week.