■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PLAVIO GARCIA and NESTOR CASTANO, Respondents-Appellants. — Judgment, Supreme Court, New York County (Leonard N. Cohen, J.), rendered June 3, 1982, which convicted defendants after a Bench trial of the crimes of criminal sale of a controlled substance in the first degree (Penal Law, § 220.43), a class A-I felony, criminal possession of a controlled substance in the first degree (Penal Law, § 220.21), a class A-I felony, criminal possession of a controlled substance in the third degree (Penal Law, § 220.16), a class B felony, criminal use of drug paraphernalia in the second degree (Penal Law, § 220.50), a class A misdemeanor and sentenced them to concurrent terms of five years to life in respect to the class A-I felonies, 1 to 3 years in respect to the class B felony and 1 year in respect to the class A misdemeanor is unanimously modified, on the law, to the extent of reversing the sentence of 5 years to life imposed in respect to the class A-I felony for the sale of a controlled substance, and remanding the case to the Supreme Court, New York County, for resentencing on said A-I felony conviction in accordance with section 70.00 (subd 3, par [a], cl [i]) of the Penal Law and is otherwise affirmed. The sentences imposed upon the defendants of concurrent indeterminate terms of 5 years to life imprisonment, upon their convictions of two class A-I felonies, are violative of section 70.00 (subd 3, par [a], cl [i]) of the Penal Law. That statute specifies that the minimum period of

imprisonment under an indeterminate sentence for a class A-I felony "shall not be less than fifteen years nor more than twenty-five years." The court's finding, that the statutorily mandated indeterminate minimum sentences of 15 years are so grossly disproportionate to the crimes of which defendants were convicted so as to constitute cruel and unusual punishment is unsupported by the record and was error. (*People v Donovan,* 59 NY2d 834, 836; *People v Broadie,* 37 NY2d 100, cert den 423 US 950.) Defendants were convicted of possessing and selling one pound of cocaine and apparently were "dealers". Possession and sale of a quantity of a controlled substance substantially greater than the minimum required for a class A felony precludes a finding here that this is "the rare case on its particular facts which might justify finding that the applicable sentencing provision was unconstitutional as applied to [the] defendant[s]". (*People v Mansell,* 79 AD2d 582; *People v Broadie, supra.*) The People did not appeal the sentence of 5 years to life imposed for the conviction of the criminal possession of a controlled substance in the first degree, a class A-I felony. Concur — Sandler, J. P., Asch, Silverman, Fein and Alexander, JJ.