(May 2, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY TERRELL, Respondent. — Judgment of the Supreme Court, New York County (Martin B. Stecher, J.), rendered on July 5, 1983, convicting defendant, following a jury trial, of two counts of criminal sale of a controlled substance in the first degree and sentencing him to concurrent prison terms of from 3 years to life, is modified, on the law, to the extent of reversing the sentence and remanding the matter for resentence, and otherwise affirmed.

On April 22, 1983, the defendant was convicted, following a jury trial, of two counts of criminal sale of a controlled substance in the first degree arising out of two separate, slightly less than two-ounce, sales of cocaine to an undercover officer. After two earlier trials held in connection with this matter had resulted in mistrials, the People had offered the defendant a sentence of 1 year to life imprisonment, with an agreed-upon resentencing of 1 to 3 years, in exchange for his plea of guilty to the class A-III felony of criminal sale of a controlled substance in the third degree. The defendant refused the plea bargain, and the third trial ensued. At the sentencing on July 5, 1983, the prosecution requested that the court impose a sentence within the range of from 15 years to life up to 25 years to life, as authorized by Penal Law § 70.00 (3) (a) (i) for the class A-I felonies of which the defendant had been convicted. The defendant maintained that in view of his minor criminal record, the nature of the offense and the great disparity between the plea offer and the mandatory sentence, the statutory sentence would be unconstitutional as applied to him. The trial court agreed with this contention and sentenced the defendant to concurrent prison terms of from 3 years to life. The instant appeal was brought by the People to challenge the legality of the sentence.

The crimes at issue herein were committed prior to September 1, 1979, the effective date of the amendment which increased

1

from 1 to 2 ounces the amount of drugs necessary for the class A-I felony of criminal sale of a controlled substance in the first degree. The court recognized that the defendant was subject to the old sentencing scheme and also acknowledged that its sentencing decision was not supportable by retroactive application of the narcotics laws revisions redefining class A-I felonies. (*People v Festo,* 96 AD2d 765, *affd* 60 NY2d 809.) Instead, the court concluded that the present situation constituted one of those "rare cases" referred to by the Court of Appeals in *People v Broadie* (37 NY2d 100, *cert denied* 423 US 950), in which the narcotics sentencing statutes, while otherwise constitutionally valid, might be found to have been unconstitutionally applied. However, since the *Broadie* opinion was issued, it has become evident that in order to avoid inclusion within the old sentencing provisions for offenses committed before September 1, 1979, the circumstances must be extremely compelling. (*Hutto v Davis,* 454 US 370; *Rummel v Estelle,* 445 US 263; *People v Donovan,* 59 NY2d 834.)

Certainly, the prior sentencing scheme has never been held unconstitutionally severe in a situation, as in the matter before us, where the defendant appears to have been the principal actor in an ongoing cocaine business. Indeed, the defendant's drug dealing was at least as substantial as that of the individuals in other cases in which courts have rejected the "rare case" exception. (*See, People v Donovan,* 89 AD2d 968, *affd* 59 NY2d 834, *supra; People v Garcia,* 99 AD2d 738; *People v Mansell,* 79 AD2d 582.) Both sales herein took place in the defendant's apartment following extensive negotiations between himself and a police undercover agent. The first transaction involved a payment of $3,200 for what subsequently was determined to be 1⅞ ounces plus 53 grains of cocaine, and on the second occasion the defendant received $3,000 for 1⅞ ounces plus 54 grains of cocaine. This is scarcely the sort of peripheral association with narcotics activity which occurred in *People v Robinson* (68 AD2d 413), wherein the defendant, who was the mother of two small children and had no prior criminal record, was merely used by the man with whom she resided as a messenger to convey narcotics to him. Moreover, there is no constitutional violation when a person refuses to plead guilty and then receives a significantly higher sentence upon conviction after trial. (*People v Jones,* 39 NY2d 694; *see also, Bordenkircher v Hayes,* 434 US 357.) Since defendant's sentence was contrary to the permissible range specified in the Penal Law, resentence is mandated. Concur — Murphy, P. J., Ross, Lynch and Milonas, JJ.