■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT H. HERRINGTON, Appellant.—Yesawich, Jr., J. Appeals (1) from an order of the County Court of Rensselaer County (Dwyer, Jr., J.), entered April 1, 1987, which granted the People's motion pursuant to CPL 440.40 to set aside defendant's sentence following his conviction of the crime of attempted burglary in the second degree, after a hearing, and (2) from a judgment of said court, rendered May 20, 1987, which resentenced defendant.

In May 1986, defendant pleaded guilty to the crime of attempted burglary in the second degree. The plea was also taken in satisfaction of two other outstanding charges, attempted assault in the second degree and resisting arrest. Pursuant to the bargained-for plea agreement, defendant was to be sentenced to 1 to 3 years' imprisonment. However, at sentencing, to accommodate defendant's desire to be near his family and his physician due to defendant's affliction with epilepsy, the plea bargain was altered to the extent that defendant was sentenced to one year in Rensselaer County Jail. The People agreed to the sentence only on the condition, accepted by defendant, that he would actually serve a full year in jail and that he would waive any reduction in his sentence for good behavior.

After nearly eight months in jail, defendant petitioned Supreme Court for a writ of habeas corpus, claiming that his detention was illegal because the waiver of good-time credit violated Correction Law § 804. Supreme Court granted the writ and, since the hearing date would have been defendant's release date absent his illegal waiver of good time, discharged him from the Sheriff's custody. Thereupon the People sought to have defendant's sentence vacated and to have defendant resentenced pursuant to the original plea negotiation. County

Court granted the People's CPL 440.40 motion on the ground that the sentence was invalid as a matter of law and resentenced defendant to a term of 1 to 3 years in a State correctional facility with credit for time served and for good time earned. Defendant, who has been released on his own recognizance, appeals; we affirm.

Defendant maintains that Supreme Court found only that the good-time waiver was illegal and did not disturb the otherwise legal one-year determinate sentence, and that County Court abused its discretion in vacating that sentence and imposing a more severe one. To the contrary, County Court's actions were logically compelled by Supreme Court's issuance of the habeas corpus writ. Because sentencing courts bear in mind the impact of the good-time factor when they impose definite sentences, Supreme Court, in finding the waiver of good time illegal, effectively invalidated the parties' agreement. Given the clear intent of the prior sentence, that defendant be incarcerated for one full year, County Court quite correctly resentenced defendant to the statutorily permissible indeterminate minimum term it did, that being the only lawful sentence available to the court that would achieve the intended result *(see, People v White,* 88 AD2d 940, 941).

It is also significant that at no time has defendant moved to withdraw his guilty plea. Further, in view of defendant's extensive criminal record, which includes prior felonies, it cannot be said that the sentence imposed—the minimum authorized by statute and one in accordance with defendant's original plea agreement—was harsh or excessive *(see, People v Haynes,* 102 AD2d 604, 606).

Order and judgment affirmed. Kane, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.