■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v SANDRA CLARK, Respondent-Appellant.—Judgment unanimously modified on the law and as modified affirmed and matter remitted to Monroe County Court for further proceedings, in accordance with the following Memorandum: Defendant entered a plea of guilty to felony charges contained in two indictments on the condition that County Court disregard her status as a predicate felon and sentence her to a term of probation rather than impose a mandatory period of incarceration. County Court imposed probation in the interest of justice and on the ground that imposition of the mandatory statutory minimum sentence of 2 to 4 years would constitute cruel and unusual punishment because defendant, the single mother of two infant children, was HIV-positive and in the final stage before the onset of AIDS.

Neither County Court nor this Court possesses interest of

justice jurisdiction to impose a sentence less than the mandatory statutory minimum *(see, People v Hooks,* 96 AD2d 1001, 1003); therefore, the sentence of probation cannot be upheld on that ground.

We further disagree with County Court's conclusion that the imposition of this statutorily-mandated sentence would be unconstitutional as applied to defendant. A sentence that is within the statutory limits is not a cruel and unusual punishment in the constitutional sense *(People v Jones,* 39 NY2d 694, 697), and this is not one of those rare cases where the imposition of a legal sentence is constitutionally prohibited *(see, People v Broadie,* 37 NY2d 100, 119, *cert denied* 423 US 950; *People v Castano,* 99 AD2d 738, 739; *People v Mansell,* 79 AD2d 582). The fact that defendant is HIV-positive or suffers from AIDS is not a sufficient reason to modify an otherwise lawful sentence of imprisonment *(see, People v Bonaventura,* 168 AD2d 626; *People v Howard,* 164 AD2d 895, *lv denied* 76 NY2d 940; *People v Watts,* 162 AD2d 567, *lv denied* 76 NY2d 867; *People v Chrzanowski,* 147 AD2d 652, *lv denied* 74 NY2d 662; *People v Ford,* 143 AD2d 841, *lv denied* 73 NY2d 921; *People v Brandow,* 139 AD2d 819, *lv denied* 72 NY2d 856; *People v Napolitano,* 138 AD2d 414; *People v Escobales,* 146 Misc 2d 573). Moreover, defendant did not prove that she would be unable to obtain proper medical treatment if incarcerated, but presented only hearsay and conjecture on that question.

Because defendant's plea of guilty was specifically conditioned upon the imposition of her sentence of probation, defendant must be given the opportunity to withdraw her plea. If defendant chooses not to withdraw her plea, the matter must be remitted for resentencing in accordance with the mandatory sentencing statutes.

We have examined the issue raised by defendant on her appeal and find it to be without merit. (Appeals from Judgment of Monroe County Court, Maloy, J.—Forgery, 2nd Degree.) Present—Doerr, J. P., Boomer, Green, Lawton and Davis, JJ.