■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUZ SAA, Appellant. [604 NYS2d 258] —Appeal by the defendant, as limited by her brief, from a sentence of the Supreme Court, Queens County (Appelman, J.), rendered April 17, 1991, the sentence being consecutive indeterminate terms of 7 years to life imprisonment and 3 years to life imprisonment, respectively, upon the defendant's conviction of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the second degree, after a plea of guilty.

Ordered that the sentence is vacated, on the law, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The general waiver of appellate review executed by the defendant, did not serve to waive her right to challenge the sentence as unlawful on appeal *(see, People v Seaberg,* 74 NY2d 1, 9). Because the transcript of the plea allocution indicates that the offenses of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the second degree to which the defendant pleaded guilty were committed through a single act,

concurrent terms of imprisonment should have been imposed *(see,* Penal Law § 70.25 [2]; *People v Day,* 73 NY2d 208).

Under these circumstances, where the imposition of consecutive sentences of 7 years to life and 3 years to life was part of the plea agreement, the matter must be remitted to the Supreme Court and both parties given an opportunity to withdraw from the original plea agreement *(see, People v Farrar,* 52 NY2d 302, 307-308; *People v Cameron,* 193 AD2d 752).

The defendant's alternate claim that the sentence is excessive, is academic in view of the foregoing. Mangano, P. J., Rosenblatt, Lawrence and Joy, JJ., concur.